27th Floor
1633 Broadway
New York, NY 10019-6708

**James Rosenfeld**
212-603-6455 tel
212-489-8340 fax

jamesrosenfeld@dwt.com

September 19, 2014

Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

      Re:    <u>Seidman v. Green Bottle Pictures, Inc., et al</u>.
             Case No. 14 Civ. 4229(RA)

Dear Judge Abrams:

      The parties in the above-referenced case submit this joint letter pursuant to the Court's Order and Notice of Initial Conference of June 24, 2014 (Dkt. No. 3), as modified by the Court's Order dated July 30, 2014 (Dkt. No. 7). Further pursuant to the Court's Order, the proposed Case Management Plan is attached.

      **A.**    **Nature of the Action and the Principle Defenses Thereto**

      Plaintiff Helayne Seidman ("Seidman" or "Plaintiff") brings one count of copyright infringement against defendants Green Bottle Pictures, Inc. ("Green Bottle"), Intuitive Entertainment, LLC ("Intuitive"), Cornwell Casting, Inc. ("Cornwell"), Bravo Media LLC ("Bravo") and NBCUniversal Media, LLC ("NBCU"; incorrectly sued as "NBC Universal, Inc.") (collectively, the "Defendants") in connection with the alleged infringing use of a photograph taken by Seidman on an episode of the reality television program *The Millionaire Matchmaker* (the "Program"). The Program is produced by defendants Green Bottle, Intuitive, Bravo and NBCU, and airs on the Bravo cable television network. Cornwell handles casting for the Program.

      Seidman alleges that a photograph that she took (and to which she owns the rights) (the "Photograph") was used without permission in an episode of the Program that aired on March 6, 2014 ("the Episode") and several times thereafter. The Photograph depicted Dr. Emil Chynn, who had previously been the subject of an article in the *New York Post* (the "Post") published on or about August 10, 2013. The Photograph was published along with the article in the Post on that date with credit given to the photographer Helayne Seidman whose name was prominently displayed under the photo. Dr. Chynn was later a participant in the Program and was featured in the Episode. Plaintiff alleges that the Photograph was prominently featured in the Episode

September 19, 2014
Page 2

without her permission. Defendants do not deny that they used the photograph without Ms. Seidman's permission. Plaintiff contends that she is entitled to actual damages and the proportion of Defendants' profits attributable to the infringing photograph.

Defendants assert several defenses to Plaintiff's claim, including that the Photograph was not properly registered with the U.S. Copyright Office, as well as the defenses of fair use and unclean hands.

Defendants also assert that Seidman's potential damages are limited to, at most, the reasonable value of a license fee for Defendants' alleged use of the work. Seidman did not register copyright in the Photograph until, at the earliest, March 8, 2014, which was after the date of alleged infringement and more than three months after the first publication of the work (on August 10, 2013). Defendants contend that all alleged infringements were "part of an ongoing series of infringing acts" that began before registration but also continued after the registration and that plaintiff is therefore not entitled to statutory damages or attorneys' fees pursuant to 17 U.S.C. § 412(2). In addition, Defendants contend Seidman will not be entitled to any portion of any of the Defendants' profits because she will be unable to establish that any such profits are attributable to any alleged infringements.

### B. Jurisdiction and Venue

The parties agree that this Court has jurisdiction pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. § 1338(a), because the Complaint asserts a claim for copyright infringement.

The parties agree that venue in this Court is appropriate since several of the parties (including the Plaintiff) reside and/or do business in this District.

As to the citizenship of the defendant business entities: Green Bottle and Cornwell are California corporations with their respective principal places of business in California. Intuitive is a limited liability company with its principal place of business in California. Its members, Kevin Dill and Mechelle Collins are also citizens of the state of California. Bravo is a limited liability with its principal place of business in New York. Bravo is indirectly wholly owned by NBCU. NBCU is a limited liability company with its principal place of business in New York. NBCU is indirectly wholly owned by the Comcast Corporation, a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania. All defendants are licensed to do business in New York and the Episode aired in New York.

September 19, 2014
Page 3

### C. Pending or Contemplated Motions

No motions are currently pending. Defendants contemplate moving for summary judgment based on certain defenses, including fair use, and moving to limit Seidman's potential damages award to actual damages in the form of a reasonable license fee; plaintiff will oppose any such motion.

### D. Discovery

It is the Plaintiff's position that meaningful settlement negotiations cannot continue at this point without further discovery. The key issue is the value of the damages in this case and Plaintiff seeks an accounting of Defendants' gross income generated from the airing of the infringing Episode, including repeats. Plaintiff contends that Defendants will also need to disclose their expenses in an effort to show that the gross income must be reduced by various appropriate expenses to arrive at any profit calculation and that even after this, will seek to show the infringing photo did not substantially contribute to the profit generated by the airing of the Episode and its repeat airings.

It is Defendants' position that Plaintiff is not entitled to any portion of the Defendants' profits because she will be unable to establish that any such profits are attributable to the alleged infringements in the first instance. Defendants contend that none of their revenues connected to the Program are reasonably related to the fleeting use of one photograph in a single episode of the Program. Defendants thus do not believe that any discovery on these issues will be either appropriate or necessary to continue settlement negotiations, since the only damages issue that would ultimately be tried is the amount of a reasonable license fee. Given that the range of potential damages is quite limited, Defendants believe that the case can and should settle at this stage.

### E. Prior Settlement Discussions

The parties have engaged in informal settlement discussions but their respective positions remain fairly far apart (by orders of magnitude, not dollars). Nevertheless, the parties believe that, in light of the fairly straightforward legal issues involved, that they can reach a settlement, and believe that a mediator could greatly assist in the settlement process.

### F. Trial

The parties estimate that a trial of this matter would take five (5) days.

### G. Additional Information to Advance the Case To Settlement or Trial

None.

September 19, 2014
Page 4

We thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

*[signature]*
James Rosenfeld

*Counsel for Defendants*

*[signature]*
Andrew J. Maloney III

*Counsel for Plaintiff*
Kreindler & Kreindler LLP
750 Third Avenue
New York, NY 10017
212-973-3438
amaloney@kreindler.com

JR/ef